**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| ANDREW K. KHOUNE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAEDONG-USA, INC. (KIOTI TRACTOR DIVISION),<br><br>Defendant. | Case No. 5:25-cv-00216-D |
| BRIAN POLLARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAEDONG-USA, INC., d/b/a KIOTI TRACTOR DIVISION, and DAEDONG, INC.,<br><br>Defendants. | Case No. 5:25-cv-00279-M |
| JOHN VIVERETTE, individually, and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAEDONG-USA, INC.,<br><br>Defendant. | Case No. 5:25-cv-00277-D |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEADERSHIP COUNSEL**

Plaintiffs Andrew K. Khoune, Brian Pollard, and John Viverette (collectively, "Plaintiffs") move pursuant to Fed. R. Civ. P. 42(a) for the consolidation of their actions and, pursuant to Fed. R. Civ. P. 23(g), for the appointment of: Daniel Srourian of Srourian Law Firm, P.C., Leigh S. Montgomery of EKSM, LLP, and Brittany Resch of Strauss Borrelli, PLLC as Interim Co-Lead Class Counsel ("Motion"). For the reasons below, the Court should grant the Motion, consolidate the three actions and appoint interim leadership counsel. Defendants consent to the requested relief.

## INTRODUCTION

Plaintiffs brought a class action against Daedong-USA, Inc. for a data breach it sustained in January 2024. This breach prompted three class actions pending in this court: (1) *Khoune v. Daedong-USA, Inc. (Kioti Tractor Division),* Case No. 5:25-cv-00216-D, (2) *Pollard v. Daedong-USA, Inc. d/b/a Kioti Tractor Division, et al.*, 5:25-cv-00279-M; and (3) *Viverette v. Daedong-USA, Inc.,* Case No. 5:25-cv-00277-D-BM.

To efficiently manage these actions, all Plaintiffs' counsel have agreed to request consolidation and a proposed leadership structure. Plaintiffs, thus, move the Court to: (1) consolidate the *Khoune*, *Pollard*, and *Viverette* Actions pending in the Eastern District of North Carolina pursuant to Fed. R. Civ. P. 42(a); and (2) appoint interim Plaintiffs' leadership counsel pursuant to Fed. R. Civ. P. 23(g). Consolidation and appointment of interim leadership counsel promotes the interests of the parties, the proposed Class members, and the Court and ensures this complex case will be litigated efficiently. The Court should, therefore, grant the Motion.

## BACKGROUND

### A. Factual Background

On February 27, 2025, Plaintiff Andrew Khoune filed his class action complaint against Defendant Daedong-USA, Inc. in the Wake County, North Carolina Superior Court Division, related to a data security incident experienced by Defendant on January 23, 2024 (the "Data Incident"). *See Khoune*, ECF. 1-5. On March 26, 2025, Plaintiff Brian Pollard filed a class action complaint in the Wake County, North Carolina Superior Court Division against Defendant arising out of the same Data Incident. *See Pollard*, ECF. 1-6. On April 24, 2025, Plaintiff John Viverette filed a class action complaint in the Wake County, North Carolina Superior Court Division against Defendant arising out of the same Data Incident. See *Viverette*, ECF 1-6. All three actions were then removed to this Court by Defendant. *See Khoune*, ECF. 1; *Pollard*, ECF 1; *Viverette*, ECF 1. Given that these actions each involve a common fact; namely the same data security incident involving Defendant on January 23, 2024, Plaintiffs respectfully ask for this Court to grant their Motion to Consolidate under Rule 42.

## ARGUMENT

### B. The Court Should Consolidate the Related Actions

Rule 42 of the Federal Rules of Civil Procedure provides that a court may consolidate separate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have broad discretion in determining whether to consolidate. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). In making that determination, courts assess "whether the specific risks of prejudice and possible confusion" of consolidation would be outweighed "by the risk of inconsistent adjudications . . . the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quotations omitted). Further, while Rule 42 calls for a common question of law or fact,

"common questions of law and fact do not have to predominate. Rather, a district court must find only that they exist and that consolidation will prove beneficial." *Progress Solar Sols. v. Fire Prot., Inc.*, No. 5:19-CV-5-D, 2020 U.S. Dist. LEXIS 175517, at *7 (E.D.N.C. Sep. 24, 2020).

Likewise, "[a]lthough actions involving the same parties are apt candidates for consolidation, complete identity of parties is not required. A common question of law or fact is enough." *Id.*

### 1. The Related Actions Involve Common Questions of Law and Fact

To consolidate actions under Fed. R. Civ. P. 42(a), the actions must share a common question of law or fact. *Ewing v. United States*, No. 1:21-cv-2528-MLB, 2021 U.S. Dist. LEXIS 226467, at *3 (N.D. Ga. Nov. 23, 2021). Here, the *Khoune*, *Pollard*, and *Viverette* actions concern the same alleged wrongdoing, same harm, and proposed nationwide class. *See Walker v. Countrywide Home Loan Servs., Inc.*, No. 1:17-cv-3052, 2017 WL 5712296, at *2 (N.D. Ga. Nov. 1, 2017) ("[C]onsolidation . . . is appropriate[] because . . . the actions raise identical claims, and arise out of the same occurrence.").

The cases also share common legal inquiries. All cases bring claims for: (1) negligence; (2) negligence *per se*; (3) breach of contract; and (4) unjust enrichment.

### 2. Consolidation Would Not Prejudice Any of the Parties

Consolidation of cases concerning the same questions of fact or law may not be appropriate if doing so causes "prejudice or possible confusion" or undermines a "fair and impartial trial." *Ewing*, 2021 U.S. Dist. LEXIS 226467, at *4. Here, consolidation creates no such prejudice. Plaintiffs and Plaintiffs' counsel in the *Khoune*, *Pollard*, and *Viverette* actions have agreed to consolidation of the cases and to the leadership structure outlined below. Further, all actions were filed close together and neither has progressed beyond the initial filings of the complaints. Thus, there is no risk of prejudice or waste of resources that might undermine

consolidation. *Id.* at *5 ("[T]he Court finds no possible prejudice or confusion from consolidation, partly because neither action has had any substantial proceedings thus far.").

Instead, consolidation will economize judicial resources and the resources of the parties by preventing overlapping motions that will concern many of the same claims, and discovery, which will involve many of the same requests, documents, and communications. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (noting that "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits" is a relevant factor in evaluating a motion to consolidate). The benefits of consolidation, therefore, outweigh any concerns of prejudice or confusion. *See id.* (considering "whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues[.]"). The Court should, therefore, consolidate the three related actions and any future-filed related actions.

**C. The Court Should Appoint Co-Lead Counsel to Oversee the Related Actions**

In addition to consolidating the *Khoune*, *Pollard*, and *Viverette* actions, the Court should appoint Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g).

**1. Appointing Interim Co-Lead Class Counsel Ensures the Efficient Litigation of the Complex, Overlapping, and Related Actions**

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Committee Notes to Rule 23 emphasize the benefits of designating interim co-lead counsel even before the class certification stage:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Fed. R. Civ. P. 23(c)(1) recognizes that some discovery is often necessary for that determination. Moreover, settlement may be discussed before certification. It also may be important to make or respond to motions before class certification.

*See* Fed. R. Civ. P. 23 Advisory Comm. Notes (2003).

The Manual for Complex Litigation also recommends early appointment of interim co-lead counsel in complex cases: "designation of interim counsel clarifies the responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement." Manual Complex Litig. (Fourth) ("MCL") § 21.11 (2004). To avoid inefficiency, duplication, and prejudice to plaintiffs in related actions, the MCL recommends courts "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." *Id.* at § 10.22.

Here, appointing Interim Co-Lead Counsel will benefit the efficient and coordinated litigation of the related actions to the benefit of the Court, the parties, and the putative Class. Already, there are three pending actions involving numerous plaintiffs with overlapping claims and similarly proposed nationwide and state subclasses. Proposed Interim Co-Lead Counsel includes all the counsel who represent the Plaintiffs in the related actions, and by adopting the proposed leadership structure, the Court will help promote collaboration between the cases, provide clear leadership for efficient decision-making, and ensure the Class's interests are protected by capable counsel in this matter. Implementing a clear leadership structure at this stage in the litigation will allow the various firms to focus their efforts and efficiently represent the putative Class. Such collaboration is critical in a complex class like this one, involving multiple classes.

Under Plaintiffs' proposal, the Interim Co-Lead Counsel will be charged with the oversight and prosecution of this matter and will work in concert to avoid a duplication of effort. The collective and broad experiences of the proposed Interim Co-Lead Counsel will ultimately benefit

the Class and the efficient litigation of this case.

### 2. Proposed Co-Lead Counsel Satisfy the Criteria for Appointment

Although Rule 23(g)(3) does not provide specific criteria for assessing whether to appoint interim class counsel, courts apply the Rule 23(g)(1)(A) factors. *In re: Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013). Fed. R. Civ. P. 23(g)(1)(A) provides four factors for appoint class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experiences in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class[.]" *Id.* at 23(g)(1)(A)(i)-(iv).

Here, as discussed below, each of these factors fully supports appointing the proposed Interim Co-Lead Counsel.

### 3. Proposed Interim Co-Lead Counsel Have Performed Substantial Work Investigating and Bringing this Action

The first Rule 23(g)(1)(A) factor is the work counsel has done to date in identifying and investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A)(i). Plaintiffs' counsel has extensively researched the facts and legal issues in this case, including by: (1) performing an extensive, initial investigation of the data breach at issue before filing an initial complaint; and (2) drafting and filing initial and amended complaints.

Plaintiffs' counsel also continue to perform substantial work that will be valuable to the Class as the case moves forward. For example, counsel continues to (1) review and investigate complaints as a result of the data breach at issue; and (2) research viable legal theories to be brought and filed against Defendant and defenses thereto. Proposed Interim Co-Lead Counsel have conducted all the work necessary to investigate Plaintiffs' claims and prosecute this

litigation and continue to devote substantial effort to advancing the claims of Plaintiffs and the proposed Class.

### 4. Proposed Interim Co-Lead Counsel Have Relevant Experience and Knowledge of the Applicable Law

The second and third factors consider proposed Interim Co-Lead Counsel's experience in handling complex litigation and their knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii). Here, Plaintiffs' counsel are well-qualified to serve as Interim Co-Lead Counsel in this litigation as is evident from the firm biographies attached to this motion as Exhibits A-C. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factor in choosing class counsel is counsel's "experience in, and knowledge of, the applicable law in this field"). Each of the attorneys proposed for leadership and their respective firms have a track record of successfully litigating and resolving consumer class actions. Counsels' qualifications and experiences are detailed in the accompanying firm resumes and briefly summarized below:

**<u>Proposed Interim Co-Lead Class Counsel</u>**

#### i. Daniel Srourian of Srourian Law Firm, P.C.

Mr. Srourian is the founder of Srourian Law Firm, P.C., a Los Angeles-based law firm dedicated to fighting for the rights of consumers and employees since its inception in 2013.[1] Mr. Srourian currently serves as counsel of record on approximately 150 class action data breach cases. Judges around the country have appointed Srourian Law Firm as Lead or Co-Lead Counsel in class action data breach matters, including *Boyd et al. v. Prudential Financial, Inc.* (2:24-cv-06818-SRC-AME) (D.N.J.), a national data breach involving approximately 2.3 million individuals; *Malinowski et al. v. International Business Machine Corporation, et al.* (7:23-cv-08421-NSR)

[1] Srourian Law Firm's firm resume is attached hereto as Exhibit A.

(S.D. New York), a national data breach involving approximately 500,000 individuals; *Conifer et al. v. Conifer Revenue Cycle Solutions, LLC, et al.* (2:23-CV-01987 AB) (S.D.N.Y.), a national data breach involving approximately 100,000 individuals; *Lenaway v. Octapharma Plasma, Inc.* (3:24-CV-424-MOC) (W.D.N.C.), a national data breach involving approximately 200,000 individuals; *Feathers et al. v. On Q Financial LLC* (CV-24-00811-PHX-SMB) (D. Ariz.), a national data breach involving approximately 211,000 individuals; *Capers et al. v. Hospital Sisters Health System* (2024 CH 000043) (Ill. Cir. Ct. Sangamon Cnty. Chancery Div. [2024]); *In Re Orthominds, LLC Data Breach Litigation* (1:25-cv-01565-JPB) (N.D. Ga.), a national data breach; *In Re O'Connor Corporation Data Breach Litigation,* (1:25-cv-10355-DJC) (D. Mass.); and *Shuck v. Turning Point of Central California* (VCU318698) (Tulare County Superior Court).

Srourian Law Firm has additionally been appointed to the Plaintiff's Steering/Executive Committee for the following class action data breach cases:

- *Cain et al. v. CGM, L.L.C.,* No. 1:23-cv-02604 (N.D. Ga.)
- *Hahn et al. v. Phoenician Medical Center, Inc*., No. CV2023-010982 (Ariz. Super. Ct., Maricopa Cnty.)
- *Dudurkaewa v. Midfirst Bank and Midland Financial Co*., No. 5:23-cv-00817-R (W.D. Okla.)
- *Trottier v. Sysco Corporation*, No. 4:23-cv-01818 (S.D. Tex.)
- *Mathis v. Planet Home Lending*, LLC, No. 3:24-cv-00127 (D. Conn.)
- *Gambino v. Berry, Dunn, McNeil & Parker, LLC*, No. 2:24-cv-00146 (D. Me.)
- *Tambroni v. WellNow Urgent Care, P.C*., No. 1:24-cv-01595 (N.D. Ill.)
- *In re Golden Corral Data Breach Litigation*, No. 5:24-cv-123 (E.D.N.C.)
- B.W. et al. v. Atlanta Women's Health Group, P.C., No. 24EV001838 (Ga. State Ct., Fulton Cnty.)
- *In Re Fidelity Investments Data Breach Litigation*, No. 1:24-cv-12601 (D. Mass.)
- *In re: AnnieMac Data Breach Litigation,* No. 1:24-cv-10678 (D.N.J.)
- *Avila v. VectraRX Mail Pharmacy Services LLC,* CV-25-58-TUC-JAS (D. Ariz.)

Mr. Srourian began his work in the class action arena in 2014, representing employees across the country in wage and hour class action cases for violations of the California Labor Code and the Fair Labor Standards Act. Since that time, Mr. Srourian gained extensive class action

litigation experience, having vigorously litigated approximately 200 wage and hour class actions to date, including conducting complex written discovery and taking depositions. Overall, since starting the practice of law in 2013, Mr. Srourian has conducted at least 300 depositions on various matters for which he has served as plaintiff's counsel, as well as conducted three trials, one of which produced a successful verdict in the amount of $1,541,000 when Defendant's top pre-trial offer was $450,000.00[2], while another produced a successful jury verdict in the amount of $1,041,697.00 when Defendant's top pre-trial offer was a mere $30,000.00.

Notable class action recoveries obtained by Mr. Srourian include the following: *RCHS Wage and Hour Cases,* No. JCCP5243, (Riverside County, Ca.), $6,000,000.00 recovered on behalf of over 3,000 current/former restaurant employees (Final Approval granted in 2020 with no objections); *Kirk McLemore et al. v. Nautilus Hyosung America, Inc.,* No. 2:17-cv-02298-CBM (C.D. Cal.), $3,182,979.00 recovered on behalf of nearly 1,000 current/former nationwide ATM technicians (Final Approval granted in 2020 with no objections)[3]; *Robert Bennet v. 48Forty Solutions, LLC,* No. CVRI2201011 (Riverside County, Ca.) $1,950,000.00 recovered on behalf of approximately 850 warehouse employees (Final Approval granted in 2024 with no objections); *Diego Zamudio v. Letter Ride,* No. RIC1805755 (Riverside County, Ca.) $1,000,000.00 recovered on behalf of approximately 1,000 delivery drivers (Final Approval granted in 2019 with no objections); *Kevork Manoukian v. John Bean Technologies,* No. BC688700 (Los Angeles County, Ca.) $987,500.00 recovered on behalf of over 500 LAX airport staff (Final Approval granted in 2020 with no objections); *Chelsea Medlock et al. v. MedMen Dispensary,* No. 18STCV05391 (Los Angeles County, Ca.) $975,000.00 recovered on behalf of nearly 1,000 retail workers (Final

---

[2] This verdict was the 71st highest premises liability verdict reported in the State of California in the year 2023, per https://topverdict.com/lists/2023/united-states/top-100-premises-liability-verdicts

[3] This settlement was the 13th largest class action settlement reported in the State of California in the year 2020, per https://topverdict.com/lists/2020/california/top-20-class-action-settlements

Approval granted in 2021 with no objections).

Mr. Srourian has been selected to Super Lawyers from 2023-2025, in addition to being selected for Super Lawyers – Rising Stars from 2016-2022.

### ii. Leigh S. Montgomery of EKSM, LLP

Ms. Leigh Montgomery has over sixteen years of plaintiff's litigation and trial experience, including substantial experience in the class action and appellate contexts.[4] She is a founding member of EKSM, LLP and co-leads the litigation section of the firm. Ms. Montgomery has extensive class action litigation experience, including in class certification briefing, trial and appeal. *See, e.g., Mattson v. New Penn Financial, LLC*, Case No. 3:18-cv-00990 (D. Or.), on appeal at 2023 WL 2624783 (9th Cir. March 23, 2023) (vacating denial of class certification and remanding); *see also Williams v. The Pisa Group, Inc.*, Case No. 2:18-cv-04752 (E.D. Pa.) (certifying TCPA class, pending final approval).

Ms. Montgomery has experience litigating data breach matters in the following cases: *Veronica Marin v. El Centro del Barrio dba CentroMed*, Case No. 5:24-cv-00571 (W.D. Tex.); *Elwon Mathavongsy v. TRC Staffing Services, Inc. dba TRC Talent Solutions*, Case No. 1:24-cv-02483 (N.D. Ga.); *Tyler Blankenship v. Leonard's Express, Inc.*, Case No. 1:24-cv-00618 (W.D. N.Y); *Clayton v. PruittHealth, Inc.*, Case No. 1:24-cv-02960 (N.D. Ga.); *Melissa MicSak v. Call 4 Health, Inc.*, Case No. 9:24-cv-80870 (S.D. Fla.); *Sean Barbery v. M&M Transport*, Case No. 1:24-cv-12042 (D. Mass.); *Antonio Valle, et al. v. First Commonwealth Federal Credit Union*, Case No. 2024-C-2893 (Lehigh County, PA); *James Bertsch, et al. v. Pocahontas Medical Clinic, PA*, Case No. 61CV-24-103 (Randolph County, AR); *Lataniya Frazier v. Baptist Health Medical Center*, Case No. 60CV-24-8301 (Pulaski County, AR); *Robert Dapello v. Riverside Resort &*

[4] EKSM's firm resume is attached hereto as Exhibit B.

*Casino*, Case No. 2:24-cv-01732 (D. Nev.); *Haskins v. Stillwater Mining Company*, Case No. DV-48-2024-0000061 (Stillwater County, MT); *Harris v. ERLC, LLC dba Elitecare Emergency Hospital*, Case No. 24-cv-1622 (Galveston County, TX); *William Moore v. Johnson & Wales University*, Case No. 1:24-cv-00409 (D. R.I.); *William Adams et al. v. Family Health Center*, Consolidated Case No. 2024-0404-NO (Kalamazoo County, Michigan); *Chris Anderson as next friend of Joyner Anderson Baker* v. Brockton Area Multi Services, Inc., Case No. 1:24-cv-11607 (D. Mass.); *Jacob Baggett v. State University of New York At Niagara et al.*, Case No. 1:24-cv-00645 (W.D. New York); *Michael Bodem v. Justice Resource Institute, Inc.*, Consolidated Case No. 1:24-cv-11856 (D. Mass.); *Guchait et al. v. Momin & Momin, PLLC*, Case No. 24-DCV-322363 (Ft. Bend County, TX); *Fares et al. v. C.K.S. Packaging, Inc.*, Case No. 1:24-cv-04586 (N.D. GA); *Michael Harrison et al. v. PECO Foods, Inc.*, Consolidated Case No. 7:24-cv-01034 (N.D. AL); *Chris Kidder v. American Addiction Centers,* Inc., Case No. 3-25-cv-00032 (Middle D TN); *Eduardo Guillen v. Akumin Operating Corp., f/k/a Akumin Corp.,* Case No. 0:25-cv-60088 (S.D. Fla.); *Danella Claytor v. TECTA America Corp*., Case No. 1:25-cv-00525 (N.D. IL); *Alberta Ruiz v. Stiizy, Inc.*, Case No. 25STCV01549 (Superior Court CA).

Outside of the data breach context, Ms. Montgomery has an active nationwide wage and hour and class action practice. She has served as counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Heath et al. v. TFS Dining, LLC*, et al., Case No. 1:20-cv-899 (W.D. Tex.) (obtaining summary judgment on employee status and a final judgment on all damages after a jury trial); *Manasco et al. v. Best in Town d/b/a The Furnace et al.*, Case No. 2-21-cv-00381 (N.D. AL) (Partial summary judgment on major liability issues); *Johnson et al. v. Houston, LP, LLC, et al.*, Case No. 4:20-cv-00663 (S.D. TX) (Summary Judgment on issue of employee misclassification

and affirmative defenses, and fees awarded); *Garcia et al. v. Toezpecunia, Inc.*, Case No. 6:22-cv-00639 (D. Or.) (Summary judgment on all major liability issues, including willfulness determination and attorney fee finding).

Ms. Montgomery has knowledge of the facts and applicable law in the case, including knowledge relevant to Defendant. She has conducted discovery, depositions, class certification briefing and argument, as well as interlocutory appeals in class action cases. Ms. Montgomery's extensive class action experience and data breach knowledge will allow her to effectively and meaningfully contribute to the representation of the class.

Because of Ms. Montgomery's experience litigating class action cases, she understands the skill, staffing and financial resources necessary to successfully litigate this case. EKSM has adequate financial resources to support this litigation. Due to its success as a prominent class action law firm, EKSM has assisted in numerous cases, funding litigation expenses through years of appeal, if necessary. EKSM has both the financial resources and the staff to support litigation through resolution of this case and has committed to applying these resources to this case.

Additional information regarding Ms. Montgomery and EKSM is detailed in the Firm Résumé, attached hereto as **Exhibit B.**

**iii. Brittany Resch of Strauss Borrelli, PLLC**

Brittany Resch is a partner in Strauss Borrelli's nationwide class action practice. She focuses on litigating complex class actions in state and federal courts—including disputes involving data breaches, false advertising, and consumer protection and privacy issues. Since 2022, Ms. Resch has served as an adjunct professor at the University of Minnesota Law School teaching a seminar on e-Discovery. Ms. Resch has substantial experience managing all aspects of discovery in the firm's complex class action matters. Ms. Resch has been a featured speaker on

discovery, standing, data security, and privacy at The Sedona Conference Working Group 11 (on Data Security and Privacy) Midyear Meeting 2024, at Everlaw Summit 2024, and at numerous CLEs. Ms. Resch received her J.D. from the University of Minnesota Law School in 2015, after which she clerked for the Honorable Richard H. Kyle, Senior United States District Judge for the District of Minnesota. Ms. Resch was named one of the Attorneys of the Year in 2019 by Minnesota Lawyer for her work representing a *pro se* litigant in federal court through the District of Minnesota Federal Bar Association's Pro Se Project.

Ms. Resch has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as counsel on behalf of millions of data breach victims, including *Devine v. Horizontal Integration, Inc.*, Case No. 24-cv-04555-JMB-DLM (D. Minn.); *Lomedico, et al, v. MarineMax, Inc.*, Case No. 08-24-cv-01784 (M.D. Fla.) (appointed joint interim class counsel); *Adam Schroeder v. M.I. Industries, Inc. d/b/a Instinct Pet Food*, Case No. 25SL-CC02259 (St. Louis County Circuit Court); *Ashley Anderson v. Self Esteem Brands, LLC d/b/a Purpose Brands*, Case No. 82-CV-25-643 (10th Jud. Dist., Wash. Cty. MN. 2025); *Pull, et al. v. Baer's Furniture Co., Inc.,* Case No. 2024-CA-003418-O (Orange County, Florida) (appointed Settlement Class Counsel); *Jolie Hamilton v. Virginia Center for Orthopaedics, P.C. d/b/a Atlantic Orthopaedic Specialists*, Case No. 2:24-cv-696 (E.D. Va.) (appointed Interim Co-Lead Counsel); *Maricle, et al. v. Southstate Bank N.A.*, Case No. 2024CA-002530-0000-00 (Polk County, Florida); *Hernandez v. Orthopaedics of Jackson Hole, P.C. d/b/a Teton Orthopaedics*, Case No. 2025-cv-0019244 (Teton County District Court, Wyo.); *In Re Hankins Plastic Surgery Associates, P. C. dba Hankins & Sohn Plastic Surgery Associates*, Case No. 2:23-cv-00824-RFB-DJA (D. Nev.); *McKittrick v. Allwell Behavioral Health Services*, Case No. CH-2022-0174 (Muskingum County, Ohio) (appointed class counsel for settlement purposes);

*Rosario, et al. v. Baldor Specialty Foods, Inc.*, Case No. 23-cv-03580 (S.D.N.Y.) (appointed class counsel for settlement purposes); *Stern v. Academy Mortgage Corp.*, Case No. 2:24-cv-15-DBB (D. Utah); *Hall v. Centerspace, LP,* Case No. 22-cv-2028 (D. Minn.) (appointed Settlement Class Counsel); *Morrison v. Entrust Corp., et al.*, Case No. 23-cv- 415 (D. Minn.) (appointed Settlement Class Counsel); *Batchelor v. MacMillan, et al.*, Case No. 157072/2023 (New York County, NY) (appointed Settlement Class Counsel); *Tribbia, et al., v. Hanchett Paper Company*, Case No. 2022 CH 3677 (Cook County, IL); *Benedetto v. Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.); *Corra, et al. v. ACTS Retirement Services, Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Lamie, et al. v. LendingTree, LLC*, No. 3:22-cv- 00307 (W.D.N.C); and *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22- cv-01472 (M.D. Fl.).

In addition to her robust data breach practice, Ms. Resch is also currently litigating a variety of consumer protection cases, including: *Callahan v. PeopleConnect, Inc*., 20-cv-9203 (N.D. Cal.) (right of publicity); *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.) (right of publicity); *Batis v. Dun & Bradstreet Holdings, Inc*., 22-cv-01924 (N.D. Cal.) (right of publicity); *Brahm et al. v. Hospital Sisters Health Systems, et al.*, Case No. 3:23-cv-444 (W.D. Wis.) (pixel); and *Mekhail et al. v. North Memorial Health Care*, Case No. 23-cv-440-KMM-DLM (D. Minn.) (pixel).

Additionally, Ms. Resch has substantial experience leading discovery teams in complex class action matters and working with class damages experts and class damages models in consumer protection cases. Brittany Resch and Strauss Borrelli are well-qualified to serve as Interim Co-Lead Class Counsel in this matter.[5]

### D. Proposed Interim Co-Lead Counsel are Committed to Representing and Advancing the Interests of the Class

The final factor here is the resources that counsel will commit to representing the class.

[5] The firm resume of Strauss Borrelli is attached hereto as **Exhibit C**.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Proposed Interim Class Counsel's respective law firms have the resources to effectively prosecute this case and are also committed to utilizing those resources to advance the interests of Plaintiffs and the Class. Indeed, Plaintiffs' counsel have already devoted significant time and resources to investigating this action and communicating with Plaintiffs and other putative class members.

With their knowledge of the facts, claims, and legal issues, the Interim Co-Lead Counsel fully understand the investment of time and resources that will be necessary to pursue this action to a successful resolution. Their respective firms have devoted, and will continue to devote, the necessary resources to advance the interests of the Class.

### E. The Responsibilities of Interim Co-Lead Counsel

Proposed Interim Co-Lead Counsel will be responsible for the overall conduct of the litigation and will have the specific responsibility to:

1. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the Plaintiffs' and putative Class members' positions on all matters arising during pretrial proceedings;

2. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

3. Conduct settlement negotiations on behalf of Plaintiffs and putative Class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

4. Delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation is conducted efficiently and effectively;

5. Enter stipulations with opposing counsel as necessary;

6. Prepare and distribute status reports to any other law firms that might seek to represent the putative class;

7. Maintain adequate time and disbursement records covering services as Interim Co-

Lead Counsel;

8. Monitor the activities of any other law firms that might seek to represent putative Class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Class or authorized by further order of this Court.

The proposed Interim Co-Lead Counsel are well-immersed in class action and complex litigation and have already undertaken substantial work identifying, investigating, and prosecuting potential claims in this action. Proposed Interim Co- Lead Counsel are willing and able to commit ample resources to staff and finance the prosecution of this action over a period of years. The proposed Interim Co-Lead Counsel are, therefore, well-qualified and committed to achieving a favorable result on behalf of Plaintiffs through the efficient management of this complex case.

**CONCLUSION**

The Court should grant Plaintiffs' motion, consolidate the *Khoune*, *Pollard*, and *Viverette* actions, and appoint the proposed interim leadership counsel to oversee this and any related actions on behalf of Plaintiffs and the Class.

Dated: June 6, 2025

Respectfully submitted,

By: */s/ David M. Wilkerson*

David M. Wilkerson
Wilkerson Justus PLLC
P.O. Box 54
Asheville, NC 28802
(828) 316-6902
dwilkerson@wilkersonjustus.com

Daniel Srourian, Esq. (pro hac vice to be filed)
SROURIAN LAW FIRM, P.C.
468 N. Camden Dr. Suite 200
Beverly Hills, CA 90210
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
Email: daniel@slfla.com

EKSM, LLP
Leigh S. Montgomery (pro hac vice)
Texas Bar No. 24052214
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Phone: (888) 350-3931
lmontgomery@eksm.com

Brittany Resch (pro hac vice to be filed)
bresch@straussborrelli.com
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I, David M. Wilkerson, hereby certify that on June 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

By: *_/s/_*David M. Wilkerson