IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-216-BO-KS

| | | |
|---|---|---|
| IN RE DAEDONG-USA DATA SECURITY INCIDENT LITIGATION | ) ) | **ORDER** |

This matter is before the court on referral from United States District Judge Terrence W. Boyle for the purpose of conducting a court-hosted settlement conference. Having considered the parties' availability, the court hereby SCHEDULES the court-hosted settlement conference for **Tuesday, July 28, 2026, at 10:00 a.m.** at the United States Courthouse Annex, 215 S. Evans Street, Greenville, NC 27858. This order serves to inform the parties and counsel of the court's expectations at the conference.

The individual plaintiffs shall be permitted to participate in the settlement conference by telephone or video conference. Counsel for Plaintiffs shall submit a VTC Request, which is available at https://www.nced.uscourts.gov/attorney/crtech.aspx, no later than **July 21, 2026**.

Unless excused by the court, the following persons shall attend the conference in person and be present throughout the entire conference, in accordance with Local Civil (ADR) Rule 101.2(d)(1): an officer, manager, or director of any entity party, such representative to have full authority to negotiate on behalf of the entity and to approve or recommend a settlement; at least one attorney of record for each represented party; and a representative of any insurance carrier for a party against whom a claim is made, such representative to have full authority to settle on behalf

of the insured. Any request to excuse the personal attendance requirement shall be made promptly and pursuant to Local Civil (ADR) Rule 101.2(d)(2).

The purpose of the settlement conference is to facilitate settlement of the case, if appropriate. The settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. Notwithstanding the provisions of Rule 408 of the Federal Rules of Evidence, all statements made by the parties (whether written or oral) relating to the substance or merits of the case and made for the first time as part of the mediated settlement proceeding shall be deemed confidential. Such statements shall not constitute an admission by any party and may not be used in the litigation of any disputed claim or in the event of trial. *See* Local Civil (ADR) Rule 101.2(e). This provision does not, however, preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference. To that end, all matters communicated to the undersigned in confidence will remain confidential and will not be disclosed to any other party or to the trial judge. The undersigned will not serve as the trial judge in this case.

Parties may submit confidential settlement memoranda to the undersigned no later than **Thursday, July 23, 2026.** Memoranda should not be filed with the court, but rather submitted to the undersigned's chambers by mail to the United States Courthouse Annex, 215 S. Evans St., Greenville, NC 27858, or by e-mail to USMJ_SwankPO_NCED@nced.uscourts.gov. A party's settlement memorandum should be no more than four (4) pages double-spaced and should include a concise statement of the relevant issues of law or fact, relief sought, a summary of any prior

settlement negotiations, and any other matters deemed relevant to possible settlement. Settlement memoranda need not be served on other parties and will be subject to the confidentiality terms set forth above.

Except to the extent modified herein, the conference shall be governed by the provisions of the Local Civil (ADR) Rules.

This 3rd day of May 2026.

KIMBERLY A. SWANK
United States Magistrate Judge