UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00216-D

| IN RE DAEDONG-USA DATA SECURITY INCIDENT LITIGATION | |
|---|---|

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement (the "Settlement Agreement" or "Agreement") between Plaintiffs Andrew K. Khoune, Brian Pollard, and John Viverette (collectively "Plaintiffs") and Daedong-USA, Inc. ("DD-USA" or "Defendant") (together with Plaintiffs, the "Parties")[1], with accompanying exhibits attached to Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval of Class Action Settlement.

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only:** The Settlement Agreement provides for the certification of a Settlement Class, for settlement purposes only, defined as follows:

All individuals residing in the United States who were impacted by

[1] Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

> the Data Incident, including all who were sent a notice of the Data Incident.

Excluded from the Settlement Class are: (1) Defendant; (2) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; and (3) any judges assigned to this case and their staff and family.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified and the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **Class Representative and Class Counsel.** The Court finds that Plaintiffs Andrew K. Khoune, Brian Pollard, and John Viverette will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds

that Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, Daniel Srourian of Srourian Law Firm, P.C, and Brittany Resch of Strauss Borrelli, PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District.

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on _____________, at ________________, where the Court will determine, among other things, whether: (a) the Settlement Class should be certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorney Fees, Costs, and Expenses should be approved; and (f) the application of

the Class Representatives for a Service Award should be approved.

6. **Settlement Administrator.** The Court appoints Simpluris, Inc. as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice.** The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B and C are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(b)(3) and 23(c); (e) and meet the requirements of the Due Process Clauses of the United States Constitution and the North Carolina Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement

Administrator is directed to carry out the Notice program in accordance with the Settlement Agreement.

9. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent in the manner provided in the Settlement Agreement. The written request must clearly manifest an individual's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e., one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than sixty (60) days from the Notice Deadline. If a Final Approval Order and Judgment is entered, all individuals falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All individuals who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances.** A Settlement Class Member desiring to object to the Settlement Agreement may submit a timely written notice of objection by the Objection Deadline in the manner provided in the Settlement Agreement. The Notice shall advise Settlement Class Members of the deadline for submission of any objections-the "Objection Deadline." Any such objections to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, email address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as

to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member. To be timely, a written objection must be filed with the Clerk of Court no later than the Objection Deadline, which is sixty (60) days after the Notice Deadline, and a copy of the objection must also be sent to the Settlement Administrator. Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11. **Claims Process.** Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12. **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Action prior to execution of the Settlement Agreement, the certification of the Settlement Class shall revoked, and the Parties shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

13. **Settlement Agreement & Order.** Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be

construed as an admission, concession or declaration by Plaintiffs or Defendant of the truth or falsity of any of the allegations in this Action, or of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Further, this Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

14. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16. **Schedule and Deadline.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| | |
|---|---|
| Notice Deadline | 30 days after entry of this Order |
| Objection Deadline | 60 days after Notice Deadline |

| | |
|---|---|
| Opt-Out Deadline | 60 days after Notice Deadline |
| Class Counsel's Motion for Final Approval of Settlement and Application for Attorneys' Fees, Costs, and Service Awards | 15 days prior to the Opt-Out/Objection Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| Final Approval Hearing | 120 days after entry of this Order |

**IT IS SO ORDERED** on this ____ day of _________, 2026.

_____________________________
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE